**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kenneth T. EMBRY, Defendant–**
**Appellant.**

No. 02–3735.

United States Court of Appeals,
Sixth Circuit.

March 19, 2003.

Before CLAY and ROGERS, Circuit Judges; and COFFMAN, District Judge.*

### ORDER

Kenneth T. Embry appeals the sentence imposed upon his conviction for aiding and assisting in the preparation of false tax returns in violation of 26 U.S.C. § 7206(2). The parties have expressly waived oral argument and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On May 16, 2001, a grand jury indicted Embry on 113 counts of violating § 7206(2). Pursuant to a written plea agreement, Embry entered a conditional guilty plea to Counts 94, 95, and 96, in exchange for the dismissal of the other counts. The district court accepted the plea and sentenced Embry to 8 months in prison, 1 year of supervised release, and a $300 special assessment.

In his timely appeal, Embry argues that the district court erred by finding him to be a leader of a criminal activity that "was otherwise extensive," under USSG § 3B1.1(a).

This court reviews the district court's interpretation and application of § 3B1.1(a) de novo. *United States v. Anthony*, 280 F.3d 694, 698 (6th Cir.2002).

Section 3B1.1(a) provides for a four level enhancement to the offense level "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." At a minimum, the defendant must have been the leader or organizer of at least one participant. *See* USSG § 3B1.1, comment. (n.2). Participants include those persons "who were (i) aware of the criminal objective, and (ii) knowingly offered their assistance." *Anthony*, 280 F.3d at 698. A criminal activity is otherwise extensive "when the combination of knowing participants and non-participants in the offense is the functional equivalent of an activity involving five criminally responsible participants." *Id.* at 699. To determine functional equivalence, a sentencing court should consider:

(i) the number of knowing participants;

(ii) the number of unknowing participants whose activities were organized or led by the defendant with specific criminal intent; and

(iii) the extent to which the services of the unknowing participants were peculiar and necessary to the criminal scheme.

*Id.* at 701 (quoting *United States v. Carrozzella*, 105 F.3d 796, 805 (2d Cir.1997)).

The district court properly enhanced Embry's offense level by four pursuant to § 3B1.1(a) for the reasons stated at sentencing. Embry had been a self-employed tax preparer for many years. In 1996, while on supervised release following a prior tax fraud conviction, Embry began preparing numerous "protest-type" income tax returns in which he falsely reported that his clients had no income and no tax liability. In total, Embry prepared over

---

* The Honorable Jennifer B. Coffman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

**168**

353 fraudulent returns involving 150 different taxpayers. Among those taxpayers were his previous defense counsel as well as an employee, Ms. Tommye Anderson, who had performed secretarial duties for Embry part-time during tax season for several years. The district court found Ms. Anderson to be a participant "in light of the scope of the income that she failed to state in the relevant years" and because she "had understood her obligation to report in previous years." In 1993, Ms. Anderson had over $66,000 in income from another job. The other nearly 150 taxpayers were properly deemed to be non-participants whose signing of the false tax returns was peculiar and necessary to Embry's criminal scheme.

Counsel also contends the enhancement should not apply because the falsified tax returns constituted unrelated, individual crimes, rather than an organized criminal scheme. This argument is without merit as counsel cites to no case holding that "criminal activity" as used in § 3B1.1 cannot refer to a series of individual crimes.

Accordingly, the district court's judgment is affirmed.